JASPREET SINGH, SBN 224383
LAW OFFICE OF JASPREET SINGH
3155 Kearny Street, Suite 248
Fremont, CA 94538
Telephone: (510) 657-6444
Email: jaspreetsinghesq@hotmail.com
Attorney for Petitioner GURPRIT SINGH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **GURPRIT SINGH, A# 246-760-641,**<br><br>Petitioner,<br>v.<br>**JAMES JANECKA**, in his official capacity as Warden of the Adelanto ICE Processing Center;<br>**THOMAS GILES**, in his official capacity as Field Office Director of ICE's Los Angeles Field Office;<br>**DAVID J. VENTURELLA**, in his official capacity as Senior Official Performing the Duties of Director of ICE;<br>**MARKWAYNE MULLIN**, in his official capacity as Secretary of Homeland Security;<br>**TODD BLANCHE**, in his official capacity as Attorney General of the United States,<br>Respondents. | Case No. 26-6212<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gurprit Singh (“Petitioner”), through counsel, petitions for a writ of habeas corpus and alleges as follows:

**I. NATURE OF THE ACTION**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2241(c)(3) because Petitioner is in federal custody in this District in violation of the Constitution, laws, and treaties of the United States. The Court also has authority under 28 U.S.C. §§ 2201–2202 and 5 U.S.C. §§ 702 and 706 to grant declaratory and injunctive relief ancillary to the writ.

2. This action challenges only Petitioner's arrest, re-detention, and present physical custody. It does not seek review of any removal order, asylum determination, or discretionary judgment whether ultimately to remove Petitioner.

3. On March 31, 2023, after arresting Petitioner and placing him in removal proceedings, the Department of Homeland Security ("DHS") issued a Form I-220A expressly stating that, "[i]n accordance with section 236" of the Immigration and Nationality Act, Petitioner was released on his own recognizance. Ex. B.

4. Petitioner lived at liberty under that order for 1,295 days. On October 16, 2026, he appeared at an ICE appointment in Los Angeles and was taken into custody. He is now confined at the Adelanto ICE Processing Center. Ex. H.

5. DHS did not provide advance notice that it intended to revoke his release; identify any violated condition, danger, flight risk, or material change in circumstances; disclose an authorized revocation decision; or provide a neutral hearing before taking his liberty.

6. The requested writ would restore the last lawful and uncontested status: release under the existing I-220A conditions. In the alternative, Petitioner requests an immediate custody determination under 8 U.S.C. § 1226(a) and a prompt hearing before a neutral adjudicator.

## II. PARTIES

7. Petitioner GURPRIT SINGH is a native and citizen of India. He is detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301. His A-number is 246-760-641.

8. Respondent JAMES JANECKA is sued in his official capacity as Warden of the Adelanto ICE Processing Center and is Petitioner's immediate custodian.

9. Respondent THOMAS GILES is sued in his official capacity as Field Office Director of ICE's Los Angeles Field Office and has authority over Petitioner's custody, release, supervision, and transfer.

10. Respondent DAVID J. VENTURELLA is sued in his official capacity as the Senior Official Performing the Duties of Director of ICE and has supervisory authority over ICE detention policy and practice.

11. Respondent MARKWAYNE MULLIN is sued in his official capacity as Secretary of Homeland Security and has ultimate authority over DHS and ICE.

12. Respondent TODD BLANCHE is sued in his official capacity as Attorney General of the United States and has authority over immigration adjudication and the regulations governing custody redetermination.

## III. JURISDICTION AND VENUE

13. Section 2241 authorizes relief because Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas review is at its strongest when it tests the legality of Executive detention. *INS v. St. Cyr*, 533 U.S. 289, 301 (2001).

14. The jurisdictional limitation in 8 U.S.C. § 1226(e) does not bar a challenge to the statutory framework governing detention, the legal sufficiency of the process used, or the constitutionality of detention. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

15. Sections 1252(a)(5), (b)(9), and (g) do not bar this action because Petitioner does not seek review of removal proceedings or an order of removal. His detention claim is independent of the merits of removal. *Jennings*, 583 U.S. at 292–95.

16. Venue is proper because Petitioner is confined in San Bernardino County, within the Eastern Division of this District, and his immediate custodian is located here. 28 U.S.C. §§ 84(c)(1), 1391(e), 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443 (2004).

## IV. EXHAUSTION

17. Section 2241 contains no statutory exhaustion requirement. Any prudential exhaustion requirement is excused where, as here, administrative review cannot remedy the completed denial of pre-deprivation process, the agency cannot decide the constitutional claim, delay causes ongoing irreparable confinement, and the relevant facts are substantially fixed. *Laing v. Ashcroft*, 370 F.3d 994, 997–1000 (9th Cir. 2004); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

18. A custody redetermination obtained after re-detention would address current danger and

flight risk under ordinary bond procedures; it would not decide whether DHS lawfully revoked a settled release status without notice and a prior hearing, nor restore the liberty already taken. *Jingfeng Xu v. Janecka*, No. 5:26-cv-05747-PD, Dkt. 16 (C.D. Cal. Oct. 9, 2026).

## V. FACTUAL ALLEGATIONS

19. Petitioner entered the United States at or near San Luis, Arizona, on or about March 30, 2023, and sought protection from return to India.

20. DHS served a Notice to Appear placing him in removal proceedings under 8 U.S.C. § 1229a. The NTA expressly classified him as "an alien present in the United States who has not been admitted or paroled," not as an arriving alien, and charged only inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Ex. A.

21. On March 31, 2023, DHS issued Petitioner a Form I-220A, Order of Release on Recognizance. The form expressly invoked "section 236 of the Immigration and Nationality Act," codified at 8 U.S.C. § 1226. Ex. B.

22. The I-220A required Petitioner to appear for hearings and interviews, surrender if ordered removed, report to ICE, obtain permission before changing residence, obey the law, and assist with travel documents. It stated that noncompliance could result in revocation. Ex. B.

23. The "Cancellation of Order" block on the I-220A is blank: neither "failure to comply" nor "taken into custody for removal" is checked, and no canceling officer, signature, or date appears. Ex. B.

24. Petitioner remained free under the order from March 31, 2023, until October 16, 2026—a period of 1,295 days. He maintained a stable residence in Buena Park, California, and has a local sponsor and community support.

25. Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture on May 25, 2023. Ex. E. He later received employment authorization valid through November 27, 2028. Ex. C.

26. After an adverse immigration-court decision, Petitioner filed an appeal with the Board of

Immigration Appeals. The BIA acknowledged receipt on February 16, 2026, and counsel's information is that the appeal remains pending. Ex. F.

27. Because the BIA appeal remains pending, no removal order is administratively final. 8 C.F.R. § 1241.1(a) (2026). The post-order detention statute, 8 U.S.C. § 1231, therefore does not govern.

28. Upon information and belief, Petitioner has never been arrested, charged with, or convicted of any crime, and DHS has never identified a mandatory-detention predicate under 8 U.S.C. § 1226(c).

29. On October 16, 2026, Petitioner voluntarily appeared for his scheduled ICE appointment in Los Angeles. His appearance itself demonstrated that he was complying with supervision and was not evading the agency.

30. ICE officers nevertheless took Petitioner into custody and transported him to Adelanto. The public detainee locator confirms his present confinement. Ex. H.

31. Before the arrest, DHS did not give Petitioner written or oral notice that his release would be revoked, disclose alleged changed circumstances, or provide an opportunity to respond before a neutral decisionmaker.

32. At or after the arrest, DHS did not furnish counsel with a completed cancellation of the I-220A, a written revocation decision, reasons for revocation, a custody determination, or a hearing date.

33. The materials available to counsel contain no Form I-200 warrant, no contemporaneous arrest report, and no evidence that an authorized official actually exercised the revocation discretion required by 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9) (2026). Petitioner alleges on information and belief that none was served on him; Respondents possess the definitive records.

34. Petitioner remains detained. Each day of confinement deprives him of bodily liberty, separates him from his support network, prevents him from working under his valid authorization, and impairs his ability to assist counsel in the pending immigration case.

## VI. STATUTORY AND CONSTITUTIONAL FRAMEWORK

35. Section 1226(a) supplies the default detention authority for a noncitizen already present in the United States while removal proceedings remain pending. It permits arrest on a warrant and either detention or release on bond or conditional parole. 8 U.S.C. § 1226(a).

36. The Ninth Circuit has held that unadmitted noncitizens apprehended in the interior are governed by § 1226, not mandatory detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). DHS's own I-220A independently confirms that it placed Petitioner under § 1226.

37. Section 1226(b) permits revocation "at any time," but it requires an actual revocation of the prior release and re-arrest under the original warrant. The implementing regulation likewise assigns revocation discretion to an authorized official. 8 C.F.R. § 236.1(c)(9) (2026). Discretion as to whether to revoke does not eliminate the required decision or authorize a categorical, reasonless detention policy.

38. Agency precedent recognizes that a settled release determination should not be changed absent changed circumstances. *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981).

39. The government's immigration authority is always constrained by due process. *Hernandez*, 872 F.3d at 981. Freedom from physical restraint is the core liberty interest. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)

## VII. CLAIMS FOR RELIEF

### Count One — Fifth Amendment Procedural Due Process

40. Petitioner realleges the preceding paragraphs.

41. The I-220A and 1,295 days of authorized release created a substantial conditional liberty interest. See *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

42. Due process required, at minimum, timely notice of the asserted basis for revocation and a meaningful opportunity to respond before a neutral decisionmaker. *Mathews v. Eldridge*, 424 U.S. 319, 333, 335 (1976); *Saravia ex rel. A.H. v. Sessions*, 905 F.3d 1137, 1143–45 (9th Cir. 2018).

43. The I-220A's acknowledgement that DHS may revoke release "without further notice" if

Petitioner fails to comply with its conditions does not eliminate due process here. DHS has alleged no noncompliance, and a conditional form acknowledgement is not a knowing waiver of constitutionally required process for an otherwise unexplained discretionary revocation.

44. Pre-deprivation process was practicable. ICE selected the time and place of a scheduled appointment, Petitioner appeared voluntarily, and no genuine emergency prevented notice and a hearing.

45. The private interest is at its zenith; the risk of error is acute where the agency disclosed no violation, danger, flight risk, or changed circumstance; and a short, focused hearing would impose a modest burden while preventing needless incarceration.

46. C.D. Cal. has repeatedly ordered release in materially similar re-detention cases. *Ojeda-Cardenas v. U.S. Attorneys Office*, No. 5:26-cv-04390-AYP, Dkt. 10 (C.D. Cal. Sept. 22, 2026); *Badalyan v. Bondi*, No. ED CV 26-1401-FMO (JDE), Dkt. 14 (C.D. Cal. May 15, 2026); *Jingfeng Xu*, No. 5:26-cv-05747-PD, Dkt. 16.

47. Respondents deprived Petitioner of conditional liberty without constitutionally sufficient process, and the violation continues while he remains detained

**Count Two — Detention Contrary to 8 U.S.C. § 1226 and 8 C.F.R. § 236.1**

48. Petitioner realleges the preceding paragraphs.

49. Petitioner's pending § 240 proceedings and DHS's express § 236 release establish that § 1226 governs. Section 1225 does not supply a new mandatory-detention regime for his interior re-arrest, and § 1231 does not apply while the BIA appeal remains pending.

50. Section 1226(b) and 8 C.F.R. § 236.1(c)(9) (2026) require an authorized, discretionary revocation of the particular release. On the present record, no authorized official issued or documented such a decision, and the I-220A's cancellation block remains blank.

51. If Respondents acted under a categorical policy treating Petitioner as mandatorily detained, they failed to exercise the discretion Congress and the regulation require. An agency must follow its own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347

U.S. 260, 267–68 (1954).

52. Because the statutory predicates for lawful revocation and detention have not been established, Petitioner remains unlawfully detained. Alternatively, he is entitled immediately to the custody process available under § 1226(a) and 8 C.F.R. §§ 1003.19 and 1236.1(d) (2026).

**Count Three — Fifth Amendment Substantive Due Process**

53. Petitioner realleges the preceding paragraphs.

54. Civil immigration detention must bear a reasonable relation to the permissible regulatory purposes of preventing danger and assuring appearance. *Zadvydas*, 533 U.S. at 690.

55. Detaining Petitioner after 1,295 days of successful release, without identifying danger, flight risk, a violated condition, or changed circumstances, is excessive in relation to those purposes and constitutes arbitrary executive confinement.

**Count Four — Unlawful Arrest Under the Fourth Amendment and 8 U.S.C. §§ 1226(a), 1357(a)(2)**

56. Petitioner realleges the preceding paragraphs.

57. Section 1226(a) authorizes arrest on an administrative warrant, and § 1226(b) contemplates re-arrest under the original warrant after a lawful revocation. The present record contains neither a warrant nor proof of an antecedent revocation decision.

58. To the extent Respondents rely on warrantless authority under 8 U.S.C. § 1357(a)(2), that authority required reason to believe Petitioner was likely to escape before a warrant could be obtained. His voluntary appearance at a scheduled ICE appointment negated any such exigency.

59. Absent a valid warrant, lawful revocation under § 1226(b), or the statutory conditions for warrantless arrest, the seizure and resulting custody violate the Fourth Amendment and the INA.

**Count Five — Administrative Procedure Act, 5 U.S.C. § 706(2)**

60. Petitioner realleges the preceding paragraphs.

61. A decision to revoke release without contemporaneous reasons, individualized consideration, or compliance with governing statutes and regulations is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, in excess of statutory authority, and taken without procedure required by law. 5 U.S.C. § 706(2)(A)–(D).

62. To the extent DHS applied a categorical policy that reclassified Petitioner under § 1225 or otherwise eliminated § 1226(a) process, that policy conflicts with *Rodriguez Vazquez*, DHS's own I-220A, and the governing statutory scheme.

63. Petitioner lacks an adequate alternative remedy for the completed deprivation of liberty, and habeas release and ancillary equitable relief are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

a. Assume jurisdiction and issue the writ under 28 U.S.C. § 2241;

b. Order Respondents to release Petitioner forthwith, and no later than 24 hours after the Court's order, under the conditions of his March 31, 2023 I-220A;

c. Order Respondents to return all identification, employment-authorization, immigration, and personal documents or property seized from Petitioner;

d. Declare that Respondents violated the Fifth Amendment and acted contrary to 8 U.S.C. § 1226 and its implementing regulations by revoking Petitioner's release without adequate notice, an individualized decision, and a constitutionally sufficient hearing;

e. Enjoin Respondents from re-detaining Petitioner absent at least seven days' written notice and a hearing before a neutral decisionmaker at which the Government proves by clear and convincing evidence a material change in circumstances, present danger or flight risk, and that no combination of conditions can reasonably address that risk—except in a genuine emergency, followed by a prompt hearing;

f. Alternatively, order an immediate DHS custody determination under § 1226(a) and a bond hearing before an immigration judge within seven days, with jurisdiction recognized and

meaningful consideration of alternatives to detention;

g. Order Respondents not to transfer Petitioner outside this District before his release or while this Court is adjudicating the legality of his present custody, absent advance notice to counsel and the Court;

h. Order expedited service and a return to the Petition;

i. Award reasonable fees and costs as authorized by law, including the Equal Access to Justice Act; and

j. Grant such further relief as justice requires.

Dated: October 20, 2026

Respectfully Submitted,
/s/ Jaspreet Singh

Jaspreet Singh, ESQ
Bar No. 224383
Law Office of Jaspreet Singh
3155 Kearny Street, Suite 248
Fremont, CA 94538
Tel. (510) 657-6444
jaspreetsinghesq@hotmail.com
*Attorney for Petitioner*

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Jaspreet Singh, am counsel for Petitioner. I make this verification on Petitioner's behalf under 28 U.S.C. § 2242 because he is confined and cannot readily prepare and execute the petition. I have read the Petition. Its factual allegations are based on the records attached or identified, official information, and communications with Petitioner and persons assisting him, and are true and correct to the best of my knowledge, information, and belief. The legal contentions are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 20, 2026

Respectfully Submitted,
/s/ Jaspreet Singh

Jaspreet Singh, ESQ
Bar No. 224383
Law Office of Jaspreet Singh
3155 Kearny Street, Suite 248
Fremont, CA 94538
Tel. (510) 657-6444
jaspreetsinghesq@hotmail.com
*Attorney for Petitioner*